## Stanley Mackowiak, Defendant in Error, v. O. F. Smith, Plaintiff in Error.

### Gen. No. 18,642.

1. VENDOR AND PURCHASER, § 336*—*burden of proof in action for earnest money.* In an action to recover earnest money paid on a contract for the purchase of real estate where the facts show that the vendor had put it out of his power to perform the contract by selling the property to another party, the burden is upon the vendor to prove a forfeiture under the terms of the contract.

2. VENDOR AND PURCHASER, § 124*—*what not a sufficient compliance with contract as to abstract of title.* Where a contract for the purchase of real estate required the vendor to furnish (1) a certificate of title issued by the registrar; or (2) a complete merchantable abstract of title or merchantable copy of such abstract of title brought down to date; or (3) a merchantable title guaranty policy, *held* that a letter of the Chicago Title & Trust Company was not a sufficient compliance.

---

*See **Illinois Notes Digest, Vols. XI to XV,** same topic and section number.

3. New trial, § 66*—*what not ground for.* Where a person who had entered into a contract to purchase real estate recovers a judgment against the vendor for the earnest money paid, the fact that such person had the contract recorded cannot be made the ground of a motion for a new trial where the vendor had at least constructive notice thereof at the time of the trial.

4. Vendor and purchaser, § 329*—*right of purchaser to recover earnest money.* In an action to recover earnest money paid on a contract for the purchase of real estate, the fact that the purchaser had the contract recorded, *held* no defense.

Error to the Municipal Court of Chicago; the Hon. Judson F. Going, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914. Rehearing denied March 23, 1914.

Ossian Cameron and C. S. Graves, for plaintiff in error.

Henry Pollenz, for defendant in error.

Mr. Justice Brown delivered the opinion of the court.

The plaintiff in this case (defendant in error here) made a contract for the purchase of real estate from the defendant (plaintiff in error here) and paid $500 as earnest money. The contract was never carried out and the plaintiff sued in the Municipal Court for a return of this money and had judgment. This writ of error is brought to reverse it.

The contract recited that Mackowiak agreed to purchase certain real estate in Chicago for $7,000, and that Smith agreed to sell the same at that price, and to convey to the purchaser "a good and merchantable title thereto by general warranty deed subject to taxes and assessments levied after 1910," and to certain other limited unpaid special taxes or assessments described.

The contract recited that the purchaser had paid $500 as earnest money to be applied on such purchase when consummated and had agreed to pay $6,500 at

the office of (*blank*) "within five days after the title has been examined and found good or accepted ·by him," "provided a good and sufficient general warranty deed conveying to' said purchaser a good and merchantable title to said premises (subject as aforesaid) shall then be ready for delivery."

The contract had these further provisions:

"A certificate of title issued by the Registrar of Titles of Cook County or complete merchantable abstract of title or merchantable copy brought down to date hereof, or merchantable title Guaranty Policy shall be furnished by the vendor within a reasonable time, which abstract shall upon the consummation of this sale remain with the vendor or his assigns as part of his security until the deferred installments are fully paid. The purchaser or his attorney, if an abstract or copy shall be furnished, shall within ten days after receiving such abstract deliver to the vendor or his agent (together with the abstract) a note or memorandum in writing signed by him or his attorney specifying in detail the objections he makes to the title, if any, or if none, then stating in substance that the same is satisfactory. In case material defects be found in said title and so reported, then if such defects be not cured within sixty days after such notice thereof this contract shall at the purchaser's option become absolutely null and void, and said earnest money shall be returned, notice of such election to be given to the vendor, but the purchaser may nevertheless elect to take such title as it then is and in such case the vendor shall convey as above agreed; provided, however, that such purchaser shall have first given a written notice of such election within ten days after the expiration of the said sixty days, and tendered performance hereof on his part. In default of such notice of election to perform and accompanying tender within the time so limited, the purchaser shall without further action by either party be deemed to have abandoned his claim upon said premises, and thereupon this contract shall cease to have any force or effect as against said premises or the title thereto or any right or interest therein,

but not otherwise. Should said purchaser fail to perform this contract properly on his part at the time and in the manner herein specified, the earnest money paid as above shall at the option of the vendor be retained by the vendor as liquidated damages and this contract shall thereupon become and be null and void. Time is of the essence of this contract and of all the conditions hereof. The notices required to be given by the terms of this agreement shall in all cases be construed to mean notices in writing signed by or on behalf of the party giving the same, and the same may be served either upon the other party or his agent. * * * The contract and the said earnest money shall be held by................................ for the mutual benefit of the parties concerned and after the consummation of the sale he shall be at liberty to retain the cancelled contract permanently and it shall be the duty of said.........................in case said earnest money be retained as herein provided to apply the same, first, to the payment of any expenses incurred for the vendor by his agent in said matter, and second, to the payment to vendor's broker of a commission of.........per cent. on the selling price herein mentioned for his services in procuring this contract, rendering the overplus to the vendor.''

The contract was signed under date of June 30, 1911, by ''O. F. Smith by Schuberth & Co.'' and by ''Stanley Mackowiak.'' There is no doubt that the contract signed for Smith by Schuberth & Co. was authorized and accepted by Smith, although one of the grounds of defense alleged in the affidavit of defense is a want of such authority. It is plain, however, that Smith was liable in this suit if under the contract and subsequent proceedings the $500 was not forfeited to him as ''liquidated damages.''

It is the contention of Smith that it was so forfeited. He wrote on August 25, 1911, to Schuberth & Company, declaring that the execution of the contract had been too long delayed, that he had several propositions for the property and that he could not hold it any longer ''for your'' (Schuberth's) ''party.'' ''Unless,'' he

said, "they put up a larger deposit or go ahead immediately with the contract I shall exercise my right and declare the $500.00 forfeited." August 31, 1911, he wrote to Mr. Mackowiak as follows:

"Dear Sir: Referring to the contract you signed on June 30, 1911, for the purchase of the southeast corner of 79th and Emerald avenue, and to a letter addressed to Messrs. Schuberth & Company on August 25, I wish to say that unless this deal is closed not later than September 5, or an additional $1,000 placed in my hands as earnest money, I will declare the $500 forfeited and the contract null and void."

September 14th he conveyed the property to a third party. The dispute as to who was entitled to the $500 then began.

The position of the defendant is that the plaintiff could not properly recover it unless he assumed and sustained the burden of proof that he had "complied with the requirements of the contract in every respect" and "that he was able and ready to make the remaining payments under the contract." We do not think so. The contract not being carried out and the defendant having put it out of his power to perform it, *prima facie,* the earnest money should be returned. The forfeiture of it to the defendant under the terms of the contract was something for him to prove.

It is true that the contract provided for such forfeiture at the option of the vendor "if the purchaser should fail to perform the contract promptly on his part at the time and in the manner herein specified"; but the burden of proving that the purchaser had so failed and that the vendor had exercised his option was on the defendant after the nonperformance of the contract and the sale to a third party were shown.

The purchaser under the terms of the contract was to pay nothing more until "after the title had been examined and found good or accepted by him." This method of showing him the state of the title was pointed out in the contract. It was to be either by (1) a cer-

tificate of title issued by the registrar; (2) a complete merchantable abstract of title or merchantable copy of such abstract brought down to date; (3) a merchantable title guaranty policy. If the abstract or copy should be furnished, the further proceedings to be taken by the purchaser and vendor concerning the title, if there were objections found thereto, are indicated. In the case at bar no one of the three things above tabulated was furnished. The letter of the Chicago Title & Trust Company was not such a compliance with the requirements as to impose a further duty on the purchaser.

Nor could the record 'of the contract be properly made the ground of a motion for a new trial. It had taken place before the suit was begun and the defendant had at least constructive notice of it; but no mention was made of it at the trial, nor would it have been a defense if proved then. Theoretically it can have done no harm to the vendor, nor was there any proof offered that it did so practically.

The judgment of the Municipal Court is affirmed.

*Affirmed.*